**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

ROCCO MAURIELLO**,** and all others similarly
situated under 29 U.S.C 206(B),

    Plaintiff,

v.

MERLOANDCO LLC, a Florida limited
liability company, and TULLIA GASPAROTTO, individually,

    Defendants.
    _____/

**COMPLAINT**

Plaintiff, Rocco Mauriello ("Mauriello"), on behalf of himself and all others similarly situated under the provisions of the Fair Labor Standard Act ("FLSA") of 1938, as amended, 29 U.S.C. § 216(b), files this Complaint against Defendants, MerloandCo, LLC ("MerloandCo") and Tullia Gasparotto ("Gasparotto"), (collectively referred to as the "Employer") and alleges, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.    This Court has subject matter jurisdiction over Mauriello's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Mauriello's federal civil and statutory rights.

2. MerloandCo is a Florida limited liability company, authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, Gasparotto is *sui juris* and a resident of Miami-Dade County, Florida.

4. At all material times, Mauriello is *sui juris* and a resident of Miami-Dade County, Florida.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This action is brought by Mauriello to recover from Employer unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of the Employer was at all material times in excess of $500,000.00 per annum.

8. At all material times, Employer was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, Employer operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by the Employer, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, the Employer is and was, during all times material hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Mauriello is within interstate commerce.

12. Mauriello and those similarly situated employees regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

## GENERAL ALLEGATIONS

13. Upon information and belief, Employer employed Mauriello as a non-exempt laborer from approximately January 2017 through approximately November 2018.

14. Upon information and belief, Tullia Gasparotto ("Gasparotto") is an officer/director of MerloandCo and has economic control of MerloandCo, and of the nature and structure of Mauriello's employment relationship with MerloandCo.

15. At all material times, Employer's gross annual revenues were in excess of $500,000.00.

16. During his employment with Employer, Mauriello regularly worked an average of seventy (70) hours per week, forty (40) regular hours and thirty (30) overtime hours.

17. Notwithstanding, Employer willfully and intentionally failed/refused to pay to Mauriello the federally required overtime rate for the overtime hours he worked.

18. Employer knew of the overtime requirements of the Fair Labor Standards Act and

willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

19. As a result, Mauriello has suffered damages and is entitled to receive overtime compensation.

20. Mauriello has complied with all conditions precedent to filing this action.

21. Mauriello has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

**PRE-SUIT DEMAND**

22. On February 7, 2019, Mauriello, by and through the undersigned counsel, sent to Employer a written pre-suit demand regarding the violations of the overtime provisions of the FLSA, and requesting Employer pay the amounts owed to Mauriello, but Employer failed/refused to do so or respond to same ("Demand"). A copy of the Demand is attached as "**Exhibit A**".

**COUNT I -**
**VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA**
**AGAINST MERLOANDCO**

23. Mauriello re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

24. This is a collective action against MerloandCo for overtime compensation pursuant to 29 U.S.C. § 216(B).

25. Upon information and belief, MerloandCo has employed and currently employs several other similarly situated employees, like Mauriello, who have not been paid overtime for work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

26. Mauriello routinely worked in excess of forty (40) hours per week for MerloandCo. Specifically, Mauriello estimates that he worked thirty (30) hours of overtime per week for MerloandCo and was paid straight time compensation.

27. Mauriello was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

28. MerloandCo knew or should have known that Mauriello suffered or was permitted to work overtime for MerloandCo as defined in 29 U.S.C. § 203 (g).

29. MerloandCo failed and/or refused to compensate Mauriello for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

30. At all material times, MerloandCo knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

31. At all material times, MerloandCo failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Mauriello.

## COUNT II -
## VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
## AGAINST TULLIA GASPAROTTO

32. Mauriello re-alleges the allegations in paragraphs one (1) through twenty-two (22) above.

33. This is a collective action against Gasparotto for overtime compensation pursuant to 29 U.S.C. § 216(B).

34. Upon information and belief, Gasparotto has employed and currently employs several other similarly situated employees, like Mauriello, who have not been paid overtime for

work performed in excess of forty (40) hours weekly, within three (3) years from the filing of this Complaint.

35. Mauriello routinely worked in excess of forty (40) hours per week for MerloandCo.

36. Specifically, Mauriello estimates that he worked thirty (30) hours of overtime per week for Merloandco, and was paid straight time compensation.

37. Defendant, Tullia Gasparotto, had operational control of Mauriello and is therefore an employer pursuant to 29 U.S.C. § 203(d).

38. Mauriello was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

39. Gasparotto knew or should have known that Mauriello suffered or was permitted to work overtime for Blok as defined in 29 U.S.C. § 203 (g).

40. Gasparotto failed and/or refused to compensate Mauriello for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

41. At all material times, Gasparotto knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

42. At all material times, Gasparotto failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Mauriello.

## DEMAND FOR JURY TRIAL

43. Mauriello hereby demands a jury trial of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Rocco Mauriello, respectfully requests that judgment be entered in his favor against Defendants, MerloandCo LLC, and Tullia Gasparotto, as follows:

(a) Declaring pursuant to 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for lost and withheld compensation, and overtime compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and Section 448.08, of the Florida Statutes.

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 10 day of April 2019.

Respectfully Submitted,

By: /s/ Monica Espino
Florida Bar No. 834491

Espino Law
2655 Lejeune Road. Suite 802
Coral Gables, Florida 33134
Email:  me@espino-law.com
Tel.: 305.704.3172
Fax: 305.722.7378